UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60121-CR-DIMITROULEAS

UNITED STATES OF AMERICA

 Plaintiff,

vs.

JAMES MOZIE, et al.

 Defendant.
_____/

**OMNIBUS MOTION FOR DISCLOSURE OF IDENTIFYING INFORMATION ON JUVENILE ACCUSERS AS WELL AS BRADY AND GIGLIO INFORMATION**

 COMES NOW the Defendant JAMES MOZIE, by and through his undersigned counsel, and files this, his Omnibus Motion for Disclosure of Identifying Information on Juvenile Accusers As Well As Brady and Giglio Information, and in support thereof, states as follows:

## INTRODUCTION

 Defendant MOZIE is under indictment, among other things, for conspiring to recruit and transport minors for the purpose of engaging in commercial sex acts. Thus far, the Government has provided no identifying information on MOZIE'S accusers, revealing instead only their initial. Although there are eight minor pretrial government witnesses, MOZIE has been given no disclosure as to identities other than three birth certificates with the identifying information on the accusers blacked out other than the date of birth. MOZIE seeks an order requiring the Government to disclose identifying

information on its potential witnesses, as well as any juvenile psychological or criminal records concerning these minors (See Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) and Brady v. Maryland, 373 U.S. 83 (1963) ).  He further seeks an order requiring disclosure of all Brady and Giglio information concerning said witnesses that is in the possession of the government.

## STATEMENT OF THE FACTS

A Criminal Complaint [Doc. 1] was filed against Defendant Mozie on May 14, 2011, and on May 26, 2011, an indictment was filed containing four counts against Mozie for violation of Title 18 USC 1591, regarding enticement of minors to engage in commercial sex acts over a number of months in early 2011.

As of the date of this motion, all eight accusers are only known to the Defendant by initials set forth in the Criminal Complaint. Even the three accuser birth certificates provided by the Government have been redacted to keep the identify of the accusers secret.  At this point, Defendant is unable to make any reasonable investigation. Defendant has no names, no addresses, no dates of birth, or any identifying information on his accusers.  Defendant cannot interview friends, relatives, or the like. Defendant's hands are tied with regard to preparation of a proper defense.

Furthermore, the Defense does not have and seeks disclosure of all discoverable information pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150, 154 (1972).

## **ARGUMENT**

A defendant has a Sixth Amendment right to confront witnesses against him, and this includes an opportunity for effective cross-examination as a minimal essential for a fair trial. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1972).

In Davis v. Alaska, supra, the defendant was convicted of grand larceny and burglary, in a case where the key prosecution witness was a juvenile delinquent. The trial court issued an order prohibiting questioning the juvenile on the basis of state provisions protecting the anonymity of juvenile offenders. The Alaska Supreme Court affirmed and was reversed on appeal. The Supreme Court held that the trial court had denied the defendant his right to confrontation of witnesses under the Sixth and Fourteenth Amendments, finding that the defense had a right to attempt to show bias on the part of the juvenile witness and that the right to confrontation was paramount to the State's policy of protecting juvenile offenders and any temporary embarrassment to those offenders. The right to effective cross examination of a witness against the accused was held to carry more weight.

Similarly, these rights were upheld also in the case of McKinzy v. Wainwright, 719 F.2d 1525 (11th Cir. 1983). There, the court found that Davis applied if any facts could be adduced by the defense which might suggest to a jury a motive for a juvenile witness to testify favorably for the state. Id. Thus, it was held to be improper for the court to rely on the existence of a prior inconsistent deposition of a juvenile witness in

3

order to prevent a full cross-examination into motives at trial.

In the Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed. 2d 956 (1968), the Court held that the petitioner had been deprived of his Sixth and Fourteenth Amendment rights when he was denied the name and address of the principal prosecution witness, particularly, where it was known that the first name said witness divulged was false. The court stated that:

> "...the very starting point in 'exposing falsehood and bringing out the truth' through cross examination must necessarily be to ask the witness who he is and where he lives.  The witness' name and address open countless avenues of in-court examination and out-of-court investigation.  To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right to cross-examination itself."

The same is so here, where Defendant has been given nothing about the eight potential witnesses against him other than sets of initials.  The circumstance is worse than looking for the proverbial needle in a haystack, and it clearly denies this Defendant his constitutional rights. His counsel's hands are tied, and no investigation can be done which will allow proper cross-examination unless this motion is granted.

## CONCLUSION

WHEREFORE, Defendant prays that this Honorable Court grant his motion in all respects as well as granting such other and further relief as is deemed just and reasonable under the circumstances.

Respectfully submitted,

ENTIN & DELLA FERA, P.A.
110 SE 6th Street
Suite 1970
Fort Lauderdale, Florida 33301
(954) 761-7201
(954) 764-2443 (fax)

By:   s/ Alvin E. Entin
      ALVIN E. ENTIN
      Fla. Bar No. 127027

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

s/ Alvin E. Entin