UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60121-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,                          :

vs.                                           :

JAMES MOZIE, et al.             :

                                           :

    Defendants.

_____/

## MOTION TO DISMISS THIRD SUPERCEDING INDICTMENT

The Defendant, JAMES MOZIE, by and through counsel, hereby requests that this Court dismiss the Third Superceding Indictment in the above-styled case and as support thereof, states:

### FACTUAL AND PROCEDURAL BACKGROUND

1.    On September 15, 2011, the grand jury returned a ten (10) count indictment against Mr. Mozie, which specifically alleged:

### COUNT I

Beginning at least as early as January 2010, and continuing through on or about May 14, 2011, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant James Mozie (ak/a/ "Red") did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing, and in reckless disregard of the fact, that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1). All in violation of Title 18, United States Code, Section 1594 c).

## COUNT 2

From in or about August 2010 until in or about April 2011, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant, James Mozie (a/k/a "Red"), did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is, M.J., knowing, and in reckless disregard of the fact, that M.J. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), and Title 18, United States Code, Section 2.

## COUNT 3

From in or about November 2010 until in or about April 2011, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant, James Mozie (a/k/a "Red"), did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is S.H., knowing, and in reckless disregard of the fact, that S.H. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and Title 18, United States Code, Section 2.

## COUNT 4

In or about April 2011, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant, James Mozie (a/k/a "Red"), did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is A.M., knowing, and in reckless disregard of the fact, that A.M. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and Title 18, United States Code, Section 2.

## COUNT 5

In or about January 2011, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant, James Mozie (a/k/a "Red"), did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is B.H., knowing, and in reckless disregard of the fact, that B.H. had not attained the age of 18 years and would be

caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and Title 18, United States Code, Section 2.

## COUNT 6

In or about February 2011, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant, James Mozie (a/k/a "Red"), did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is B.C., knowing, and in reckless disregard of the fact, that B.C. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and Title 18, United States Code, Section 2.

## COUNT 7

In or about February 2011, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant, James Mozie (a/k/a "Red"), did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is C.C., knowing, and in reckless disregard of the fact, that C.C. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and Title 18, United States Code, Section 2.

## COUNT 8

In or about February 2010, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant, James Mozie (a/k/a "Red"), did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is T.P., knowing, and in reckless disregard of the fact, that T.P. had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and Title 18, United States Code, Section 2.

## COUNT 9

In or about April 2011, in Broward County, in the Southern District of Florida, and elsewhere, the Defendant, James Mozie (a/k/a "Red"), did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is R.M., knowing, and in reckless disregard of the fact, that R.M. had not attained the age of 18 years and would be

caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and Title 18, United States Code, Section 2.

2. Mozie was arraigned on the third superseding indictment on September 22, 2011.

3. The Third Superseding Indictment, is subject to dismissal on the basis that the inclusion of the "reckless disregard" language the Indictment is constitutionally impermissible. Notably, in revising the statute in 2008, Congress amended Title 18 United States Code § 1591(a) itself. Although this subsection previously required proof of actual knowledge that the recruited person was under the age of 18, the newly- revised § 1591(a) now permits conviction if the defendant was "knowing *or in reckless disregard of the fact* ... that the person has not attained the age of 18 years." (Emphasis added).

The language concerning "reckless disregard" in the Third Superseding Indictment tracks the new statutory language verbatim. While the new statute appears to permit conviction *alternatively* with a *mens rea* of mere recklessness as to the recruited person's minority, the Indictment fails to reject "recklessness" as a mere alternative, and still requires proof of actual knowledge, by alleging that Mr. Mozie was "*knowing and* in reckless disregard" of such facts. Given the specific phrasing chosen by the Government for the Indictment, it would be a violation of the Fifth Amendment indictment clause and a constructive amendment of the indictment, for the court to instruct the jury that it could convict Mr. Mozie on proof of "reckless disregard" alone. *See United States v. Weissman* 899 F.2d 1111, 1114-1115 (11th Cir. 1990) ("A jury instruction that constructively amends a grand jury indictment constitutes *per se* reversible error because such an instruction violates a defendant's constitutional right to be tried only on charges presented in a grand jury indictment and creates the possibility that the defendant may have been convicted on grounds not

alleged in the indictment;" citing *Stirone v. United States*, 361 U.S. 212, 217-218 (1960); the government, "in styling the indictment could have used the general language of the statute" to refer to the RICO enterprise, but since instead "chose to specify" a particular RICO enterprise, and as such, the jury should have been instructed consistent with the charge as crafted by the government); *United States v. Cancelliere*, 69 F.3d 1116, 1120-1122 (11th Cir. 1995) (where the indictment charged that the defendant committed money laundering "knowingly and willfully – notwithstanding that statutory offense did not actually require "willfulness" – and the instruction given the jury did not include "willfulness"as an element of money laundering, court impermissibly broadened and constructively amendment the indictment; such error was reversible *per se*).

However, *if* the Court finds that notwithstanding the specific use of the conjunctive "and" in the superseding indictment, the government could indeed seek to convict Mr. Mozie under this indictment upon proof of mere "reckless disregard" (a lesser standard than actual knowledge) of the alleged minors' ages, and *if* the Court intends to so instruct the jury and allow the government to so argue to the jury at trial, then the indictment should be dismissed due to the inclusion of the "reckless disregard" language as well.

### STATUTORY AND JURISPRUDENTIAL BACKGROUND

From the enactment of 18 U.S.C. § 1591 ("Sex trafficking of children or by force, fraud, or coercion") on October 28, 2000, until its revision on December 8, 2008, this Federal "sex trafficking" offense permitted conviction of a defendant who – without coercion, force, or fraud – recruited a minor for commercial sex, **but only** upon proof beyond a reasonable doubt that

5

the defendant *knew* that the "person"so recruited "ha[d] not attainted the age of 18 years." The pre-December 2008 statute stated in pertinent part:

(a) Whoever *knowingly* –

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, or obtains by any means a person; ...

*knowing* ... that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

(Emphasis added). Given the unambiguous meaning of the statutory language, the necessity of proving – as an element of this offense – the defendant's actual knowledge of the recruited person's age, was beyond dispute. Every panel of the Eleventh Circuit to have considered that language, had indeed so held.[1] And indeed, those panel decisions are consistent with the approach to statutory construction mandated by the Supreme Court. *See Flores-Figueroa v. United States*, ___ U.S. ___, 129 S.Ct. 1886 (May 4, 2009) ("courts ordinarily read a phrase in a criminal statute that introduces the elements of a crime with the word "knowingly" as applying that word to each element;" citing *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 79 (1994)).

Plainly, though, even if Congress had *not* specifically used the adverb "knowingly" to introduce § 1591(a), and/or had *not* additionally used the adjective "knowing" again to introduce the final paragraph of that provision, there would have been no doubt – given the penalties

---

[1] *See United States v. Jennings*, 280 Fed. Appx. 836, 842-843, 2008 WL 2247142 at *5 (11th Cir. June 3, 2008) (upholding conviction under § 1591 against sufficiency challenge, where jury could infer from the evidence that defendants knew J.B. was a minor); United States v. Sims, 161 Fed. Appx. 849, 8522006 WL 114581 at * 3(11th Cir. Jan. 4, 2006) ("To establish Sims's guilt on the sex trafficking of minor count, the government had to show that ... Sims knew that ... Owens was under the age of 18").

accompanying a violation of § 1591(a) – that the defendant's ***actual knowledge*** of the recruited person's age was essential to criminal liability. With a penalty as harsh as that here (10 years-life for non-forceful recruitment of a minor, *see* § 1591(b)(2)), even in the face of Congressional silence as to *mens rea* in § 1591(a) the Supreme Court would have inferred a *mens rea* of knowledge, to prevent any possible construction of such a harsh provision as a mere strict liability offense. *See Staples v. United States*, 511 U.S. 600, 616-619 (1994) ("Silence does not suggest that Congress dispensed with *mens rea* for the element of § 5861(d) at issue here;" "imposing severe punishments for offenses that require no *mens rea* would seem incongruous;" "The potentially harsh penalty attached to violation of § 5861(d) – up to 10 years' imprisonment – confirms our reading of the Act" to include a *mens rea* of knowledge; "Historically, the penalty imposed under a statute has been a significant consideration in determining whether the statute should be construed as dispensing with *mens rea*;" strict-liability "public welfare offenses" traditionally carry minimal penalties, and are not even felonies).

Notably, it is ***only*** the fact of the recruited person's minority – ***together with the defendant's knowledge of that fact*** – that transforms the conduct penalized in § 1591 (conduct that is legal in most of the world,[2] legal in Nevada,[3] but penalized and dealt with effectively for years by every other state pursuant to their "police power") into a crime of "Federal" interest, "Federal" magnitude, deserving of the new, very harsh "Federal" punishment. In the State of Florida, "forcing, compelling, or coercing another to become a prostitute" has been a crime since

---

[2]Adult prostitution is legal in Canada, Australia, New Zealand, most of Europe, and in Israel.

[3]Adult prostitution has been legal in Nevada since the middle of the 19th century.

7

1943, and is currently punished under Fla. Stat. § 796.04, as a third degree felony (0-5 years imprisonment). The very crime here at issue, "procuring a person under age of 18 for prosecution," is also punished by the State of Florida, under Fla. Stat. § 796.03, as a second degree felony (0-15 years imprisonment). It clearly is **not** the *de minimis* Federal nexus required under § 1591(a)[4] that justified Congress' use of its Commerce Clause power to "federalize," and more harshly-penalize, a crime traditionally penalized by the states. What in 2000 appeared to justify both the complete usurpation of a traditional state role, and the much harsher federal penalties, was something different – what the Common Law termed the defendant's "vicious will." From 2000-2008, the government was required to proved that "vicious will" in all § 1591(a) prosecutions "beyond a reasonable doubt," by proving that even if the defendant did not use force or fraud to recruit, he most definitely knew that the person he had recruited to engage in commercial sex, had not attained the age of 18. With Congress' 2008 revision to the statute, these same harsh penalties (10 years-life) remain. But the government's burden of proving "vicious will" does not. In the 2008 revision, the government's burden has been greatly lessened, if not completely eliminated. For this and other reasons, the new statute is facially unconstitutional.

On December 8, 2008, Congress radically changed § 1591 in two significant ways. Congress first inserted new language into § 1591 (a), which clearly lessened the government's burden of proof as to *mens rea*. According to newly-revised § 1591(a), the government may now secure a conviction under the same harsh penalty scheme in two alternative ways – **either** by proving that the defendant

---

[4] In *United States v. Evans*, 476 F.3d 1176 (11th Cir. 2007), the Eleventh Circuit upheld a conviction under § 1591(a) even for purely intrastate procurement, without any transporting of the minor across state lines, simply due to *de minimis* interstate contacts – namely, the use of an "interstate condom" manufactured abroad, and imported into Georgia. *See id.* at 1177, 1179.

knew the recruited person was under 18, *or* by proving his "reckless disregard of the fact" "that the person has not attained the age of 18." The new § 1591(a) states in pertinent part:

> Whoever knowingly –
>
> > (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, or maintains by any means a person; ...
>
> knowing, *or in reckless disregard of the fact*, ... the person has not attained the age of 18 years and will be caused to engage in a commercial sex act ...

(Emphasis added).

Further lessening (and actually, eliminating) the government's burden of proving *mens rea* altogether, Congress then added new subsection (c), which creates a mandatory "presumption" of "knowledge" for all § 1591(a) cases. The new § 1591(c) states:

> (c) ***In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove the defendant knew that the person had not attained the age of 18 years***.

Congress has by this subsection expressly – and unabashedly – relieved the government of proving the defendant's actual knowledge that the person recruited was a minor, lessened the government's burden of proof to the point of no proof at all, and thus converted §1591(a) into a strict liability offense. The newly-enacted statute is offensive to the core constitutional concepts of substantive and procedural Due Process, and facially violates other constitutional provisions as well. To the extent that the superseding indictment incorporates the constitutional flaws of the new statutory scheme, it must be dismissed.

9

## THE FACIAL UNCONSTITUTIONALITY OF REVISED § 1591
## UNDER THE FIFTH, SIXTH, AND EIGHT AMENDMENTS

No Appellate court anywhere in the country has as yet construed the newly-revised § 1591, or considered its constitutionality. However, there are instructive precedents. For the following reasons, and based upon the following authorities, the Court should declare that the newly-revised statutory scheme is facially unconstitutional. The Court should then dismiss the superseding indictment, which is premised upon the new statutory scheme.

### 1. FIFTH AMENDMENT – DUE PROCESS –
### LESSENING AND/OR ELIMINATING THE GOVERNMENT'S
### BURDEN OF PROOF OF *MENS REA* BEYOND A REASONABLE DOUBT

As a matter of Due Process, a criminal defendant is entitled to proof beyond a reasonable doubt of every element of an offense. *See In re Winship*, 397 U.S. 358, 364 (1970). In the same way that a jury instruction which lowers the government's burden of proof from "beyond a reasonable doubt" to anything less than that necessarily violates Due Process, *see Sullivan v. Louisiana*, 508 U.S. 275, 278 (1993); *Cage v. Louisiana*, 498 U.S. 39 (1990), a statutory enactment by Congress that has that same burden-lessening effect, must be declared unconstitutional and violative of Due Process.

Additionally, the also new language under § 1591(c) is incorporated into the Indictment by virtue of the statute itself. The new subsection (c) of 1591 reads as follows;

> "(c) In a prosecution under subsection (a)(1) in which a defendant <u>had a reasonable opportunity to observe</u> the person so recruited, enticed, harbored, transported, provided, obtained or maintained the <u>government need not prove the defendant knew the person had not attained 18 years of age</u>." (Emphasis ours)

As a result, the government will later attempt to secure a § 1591© instruction to the jury,

that the government "need not prove that the defendant knew that the person had not attained the age of 18" so long as the jury finds that the defendant "had a reasonable opportunity to observe the person so recruited." Were the court to so instruct the jury here, however, it would improperly relieve the government of its burden of proving either actual knowledge of – or even "reckless disregard" of – the fact the minors "had not attained the age of 18."

The new mandatory "presumption" incorporated into § 1591(a) *via* § 1591©, ***expressly relieves*** the government of proving actual knowledge. But in practical terms, it will relieve the government of proving ***any*** *mens rea* at all. Notably, the Eleventh Circuit has found plain, reversible error for instructing the jury in an involuntary manslaughter case under 18 U.S.C. § 1112 (where the required *mens rea* is "recklessness"), that it could convict the defendant upon a showing of mere negligence (that the defendant "should have foreseen" that his conduct was a threat). *United States v. Gaskell,* 985 F.2d 1056 (11th Cir. 1993). The *mens rea* standard in § 1591 ©, however, is ***not even*** a "should-have-known," negligence standard . It is purely, and simply, a ***no mens rea*** standard. The new – and utterly vague – "reasonable opportunity to observe" standard has nothing to do with what is actually in the defendant's mind. Nor is it, by nature of the way § 1591© is crafted, even an "element" of § 1591(a). Arguably, therefore, the government need not even prove a "reasonable opportunity to observe" (whatever that may be) "beyond a reasonable doubt."

Because actual knowledge, and/or reckless disregard, ***are*** formal elements of the offense set forth in § 1591(a), and the new § 1591© completely obviates the necessity of proof as to those elements, conviction under – and according to the terms of – the new § 1591, would violate Due Process.

## 2. FIFTH AMENDMENT – DUE PROCESS – SHIFTING OF THE GOVERNMENT'S BURDEN OF PROOF TO THE DEFENDANT

Although, as a matter of Due Process, the burden of proof must always remain with the government, Congress' newly-revised § 1591 – through the new mandatory presumption in § 1591© – effectively and unconstitutionally shifts the government's burden of proving essential element of *mens rea*, to the defendant. *See Mullaney v. Wilbur*, 421 U.S. 684, 704 (1975) (Maine law that shifted burden of proof to defendant, to establish by a preponderance of the evidence that he acted in the heat of passion in order to reduce murder to manslaughter, was an "intolerable result;" "Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion or sudden provocation in a homicide case"); *United States v. Burns*, 597 F.2d 939, 943 (5th Cir. 1979) (where burden of proof rests with government, that burden "never shifts" to the defendant, and defendant need not offer any evidence at all); *see also United States v. Simon*, 964 F.2d 1082, 1086 (11th Cir. 1992) ("[P]rosecutors must refrain from making burden-shifting arguments which suggest that the defendant has an obligation to produce any evidence or to prove innocence.") (citing *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072 (1970)).

A mandatory presumption requires the fact finder to infer an "elemental fact" such as intent or knowledge from proof of a "basic fact" such as the existence of an act or record. *See Lannon v. Hogan*, 719 F.2d 518, 520 (1st Cir.1983), *cert. denied*, 465 U.S. 1105,1 136 (1984) (citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 157 (1979)). Such a presumption violates the Due Process Clause if, as here, the presumed fact is a crucial element of the offense (*mens rea*), and the government would be expected to shoulder the burden of persuasion on that point. *See, e.g., Leary*

*v. United States*, 395 U.S. 6 (1969) (declaring unconstitutional a mandatory presumption providing that possession of marijuana was sufficient evidence to authorize conviction of transporting and concealing the drug *with knowledge of its illegal importation*, unless the defendant explained his possession to the satisfaction of the jury); *see also Sandstrom v. Montana*, 442 U.S. 510 (1979) (declaring unconstitutional, an instruction pursuant to Montana law that the "law presumes that a person intends the ordinary consequences of his voluntary acts;" "conclusive presumption conflicts with the overriding presumption of innocence with which the law endows the accused and which extends to every element of the crime, which in a criminal case the law assigns solely to the jury;" however, whether this is deemed a "conclusive presumption" or simply one that had the effect of shifting the burden of persuasion to the defendant, it is constitutionally impermissible; ).

### 3. FIFTH AMENDMENT – DUE PROCESS – A DEFENDANT'S RIGHT NOT TO TESTIFY

As a result of the presumption in § 1591(c), a defendant who wishes to insist upon his Fifth Amendment right to remain silent, and to not testify in his defense – but instead to put the government to its burden – will be penalized. For indeed, the government has no real burden under the newly-revised statute. Accordingly, the only avenue left for a defendant facing an irrefutable mandatory presumption of guilty knowledge will be for the defendant to forego his Fifth Amendment right not to testify, and attempt the unattainable by testifying as to his lack of guilty knowledge. Indeed, this would clearly violate a defendant's Fifth Amendment right to remain silent.

### 4. FIFTH AMENDMENT – DUE PROCESS – LIMITATION OF THE DEFENDANT'S RIGHT TO PRESENT A DEFENSE

Under the prior version of the statute, a defendant's lack of actual knowledge that the person

recruited was under 18, was a complete defense. The present version of the statute violates the fundamental right to present a defense, *see Washington v. Texas*, 388 U.S. 14, 18-19 (1967); *Webb v. Texas*, 409 U.S. 95, 98 (1972); *Chambers v. Mississippi*, 410 U.S. 284, 294-295, 302 (1973); *Crane v. Kentucky*, 476 U.S. 683, 690-691 (1986), in that a defendant who possesses no guilty knowledge no longer may rely upon that fact and present it as a valid defense. Indeed, this would offend the most basic notions embedded within the Due Process Clause.

### 5. FIFTH AMENDMENT – DUE PROCESS – VAGUENESS

A criminal statute that does not give fair warning of what is outlawed is unconstitutionally vague. Statutes are subject to vagueness challenge for two independent reasons: failure to provide the kind of notice that will allow ordinary people to understand what conduct is prohibited or use of language that may authorize or encourage arbitrary and discriminatory enforcement. *City of Chicago v Morales*, 527 U.S. 41, 56, 119 S.Ct. 1849, 1859 (1999). A statute may be vague on its face or as applied. A statute is subject to facial attack when vagueness permeates its text and is otherwise subject to review as to application in a given case. *Id.*, 527 U.S. at 55, 119 S.Ct. at 1858.

A statute will be declared "void for vagueness" in violation of the Due Process Clause where the statute does not "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "'A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory

application.'" *United States v. Canals-Jimenez*, 943 F.2d 1284, 1289 (11th Cir. 1992) (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99 (1972)).

Pursuant to these precedents, the newly-revised § 1591 – particularly the inclusion of new § 1591(c) – is unduly vague and capable of arbitrary and non-unanimous jury interpretation in violation of the Due Process clause.

### 6. SIXTH AMENDMENT – RIGHT TO A TRIAL BY JURY ON EVERY ELEMENT OF THE OFFENSE

As the Supreme Court made clear in *United States v. Booker*, 543 U.S. 220 (2005), any statute passed by Congress – no matter how far reaching and comprehensive – that lowers the government's burden of proof, is facially unconstitutional under the Sixth Amendment, and must be declared so by the courts. *See Booker*, *id.* at 230-244 (constitutional holding) (Sixth Amendment is violated by the imposition of an enhanced sentence under mandatory Federal Sentencing Guidelines, based upon a sentencing judge's determination of a fact (other than a prior conviction), under the preponderance of the evidence standard, where such fact was not found by the jury beyond a reasonable doubt); *see also id.* at 265 (remedial holding) ("We do not doubt that Congress, when it wrote the Sentencing Act, intended to create a form of mandatory Guidelines system. ... But we repeat, given today's constitutional holding, that is not a choice that remains open").

Here, as in *Booker*, the new statute enacted by Congress – with the express intention of lowering the government's burden of proof – does precisely that, in violation of the Sixth Amendment. To the extent that the superseding indictment incorporates those burden-lessening provisions as to crucial elements of the offense, the indictment must be dismissed.

### 7. EIGHTH AMENDMENT – CRUEL AND UNUSUAL PUNISHMENT

As a matter of law, any statute such as the newly-revised § 1591, that subjects a defendant to a mandatory penalty of 10 years imprisonment, and up to life imprisonment, upon proof of mere "recklessness," and/or negligence, and/or no *mens rea* at all (as in § 1591©), is so disproportionate that it violates the Eighth Amendment prohibition on cruel and unusual punishment. As noted by the Supreme Court in *Staples*, it is "incongruous" to mandate severe punishment for an offense with either a lessened, or non-existent *mens rea*. There are only a ***few*** statutes in the Criminal Code that even permit conviction upon "reckless disregard" rather than actual knowledge. And indeed, these "recklessness" statutes carry far lesser penalties than § 1591(a). *See, e.g.*, 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), (iv), and (b)(ii) (penalty of 0-5 years for transporting an alien within the United States, concealing an alien within the United States, or encouraging an alien to enter, knowing or in reckless disregard of alien's inadmissibility/illegality); 18 U.S.C. § 1112 (0-8 years for involuntary manslaughter). Upon information and belief, ***Congress has never before passed*** any statute comparable to § 1591(a), in which the government may secure penalties ranging from a minimum mandatory term of ten years up to life imprisonment, upon proof of mere "reckless disregard" – or less. There is no statute, in the Code, even remotely analogous. No other Federal statute subjects a defendant to as harsh penalties as those here, upon so little proof by the government.

What is most outrageous, without precedent, and "cruel and unusual" about the newly-revised § 1591, is that through the newly-enacted mandatory presumption in § 1591(c), the government – now – need not prove any *mens rea* at all. It need not prove actual knowledge, nor

reckless disregard, nor even negligence (even if, as a matter of law, negligence could suffice[5]). All the government must prove under the combined § 1591(a) and (c) is some vaguely-defined "reasonable opportunity to observe" the person recruited. – and even that, not necessarily "beyond a reasonable doubt."

Through the addition of § 1591(c) to the statutory scheme, the offense (as it existed at its enactment in 2000 up until December 8, 2008) has been transformed into something bearing no resemblance to the originally-conceived offense at all: a strict liability offense. A 10-life penalty for a strict liability offense is plainly "cruel and unusual" and disproportionate punishment.

### 8. FIFTH AND SIXTH AMENDMENTS – RIGHT TO BE INFORMED OF NATURE AND CAUSE OF ACCUSATION

Even if the Court were to uphold the superseding indictment here against *all seven* of these constitutional challenges, the indictment nonetheless must be dismissed under the Fifth and Sixth Amendments, and Fed. R. Crim. P. 7(c)(1) for lack of sufficient notice of the charge. Under the Fifth Amendment, the accused has a right to "notice" of the charge. The Sixth Amendment provides as well: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const., amend. VI. The Federal Rules of Criminal Procedure impose the additional requirement that the indictment contain the "essential facts" and that, where known, the means of commission of the offense be stated. Fed. R. Crim. P. 7(c)(1). The Supreme Court has held that – at a minimum – an indictment must sufficiently warn the defendant of the nature of the charges against him, so that he is apprised of "what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 761, 763-764 (1962); *see also United States v. Adkinson*, 135

---

[55]Plainly, under *Gaskell*, *supra*, negligence does not suffice.

F.3d 1363, 1373 (11th Cir. 1998) (defendant must be sufficiently warned of the charges so that he may adequately prepare his defense) (citing *United States v. Alford*, 516 F.2d 941, 945 (5th Cir. 1975)); *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir.1998) (The purpose of a criminal indictment is first and foremost, to "put the defendant on notice of the nature and cause of the accusation as required by the Sixth Amendment of the Constitution" )(citation and internal quotations omitted).

It is impossible from the indictment here for Mr. Mozie to understand the true nature of the government's charge against him, and to prepare to meet it. To be able to adequately prepare a defense, a defendant plainly needs more in the indictment than the tracking of vague and general statutory language. *See United States v. Hess*, 124 U.S. 483, 487 (1888) ("Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged."); *Hamling v. United States*, 418 U.S. 87, 117-18 (1974) (holding that in obscenity prosecution, underlying facts, not legal principles applicable to the offense, are essential to indictment sufficiency); *see also United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) (holding that health care fraud indictment was deficient because it failed to adequately allege factual basis for charge).

Particularly given that § 1591 was only amended recently, no appellate court has of yet had an opportunity to construe it, and – upon information and belief – there has not yet been ***any*** prosecution anywhere in the country where the government has sought to use the new § 1591(c) presumption, the Court should dismiss the superseding indictment because it fails to give Mr.

Mozie adequate notice of the charge. *See Russell*, 369 U.S. at 764-766 (constitutional "principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under rule 7(c) of the Federal Rules of Criminal Procedure; any facts with bearing on the "very core of criminality" under the charged statute – facts upon which "guilt so depends" – must be specifically alleged in the indictment to comply with the Fifth and Sixth Amendments); Fed. R. Crim. P. 7(c)(1) ("essential *facts*" must be incorporated in the charge) (emphasis added). Here, the crucial facts which go to the "very core of criminality" – facts upon which guilt "depends" – have been impermissibly excluded from the indictment. Mr. Mozie cannot proceed and defend himself without them.

WHEREFORE, the Defendant, JAMES MOZIE, respectfully requests that this Court grant this motion, and dismiss the Third Superseding Indictment counts 1-9.

ENTIN & DELLA FERA, P.A.
110 SE 6th Street
Suite 1970
Fort Lauderdale, Florida 33301
(954) 761-7201
(954) 764-2443 (fax)

By: s/ Alvin E. Entin
    ALVIN E. ENTIN
    Fla. Bar No. 127027

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 25, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either by transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

s/ Alvin E. Entin