UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 11-60121-CR-WPD

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

JAMES MOZIE,  ) **DEFENDANT MOZIE'S OBJECTIONS TO**
    Defendant.  ) **PRESENTENCE INVESTIGATION REPORT**
                                         )

Defendant James Mozie ("Mozie"), by and through undersigned court-appointed counsel, respectfully furnishes his Objections to the Presentence Investigation Report ("PSI"), and states:

    1.  Mozie objects to paragraphs 2 through 32 of the PSI relating to "Offense Conduct" to the extent they describe criminal conduct attributed to him. Mozie pled not guilty, went to trial to dispute the allegations of criminal conduct lodged against him, and intends to appeal his convictions in this cause.

    2.  Mozie objects to paragraph 33 which relates to "Role Assessment" describing him as the leader/organizer of criminal activity with five or more participants. Mozie pled not guilty, went to trial to dispute the allegations of criminal conduct lodged against him, and intends to appeal, among other things, this role enhancement were the Court to find it should be applied to his advisory guidelines calculation.

    3.  Mozie objects to paragraphs 39 through 92 relating to "Offense Level Computation." As stated in the above paragraphs, Mozie pled not guilty, went to trial to dispute the charges lodged against him, and intends to appeal his convictions. As such, Mozie disputes his Total

1

Offense Level ("TOL") should be 45 as set forth in paragraph 92 of the PSI.

  4. Mozie objects to paragraphs 147 and 148 of the PSI relating to "Sentencing Options." Mozie pled not guilty, proceeded to trial to challenge the allegations of criminal conduct lodged against him, was found guilty of counts 1 through 10 of the third superseding indictment, and intends on appealing those convictions.  To the extent the Court must impose sentence at this juncture in the proceedings, Mozie asks the Court to impose a sentence in line with his request in paragraph 6 below.

  5. Paragraphs 131-135 relate to "Substance Abuse."  John P. Carozza, the U.S. Probation Officer ("USPO") assigned to this case, sets forth a factual basis for the Court to recommend Mozie be evaluated for an intensive alcohol/substance abuse program while serving any sentence in the Bureau of Prisons ("BOP") the Court may impose.  Additionally, as the USPO states in paragraph 135, Mozie requests such treatment be made a condition of any sentence he receives in this case.  Mozie asks the Court to recommend the BOP evaluate him for entry into the 500-hour intensive alcohol/substance abuse program it has available for qualifying inmates.

  6. Paragraph 155 of the PSI relates to "Factors That May Warrant A Departure."  Mozie would state, without receding from his position he is innocent of the charges for which he was found guilty, for purposes of imposing sentencing in this cause, there are factors warranting the Court depart downward, or apply a variance, from the advisory guidelines calculation.  Among those factors are: a) the USPO did not apply any adjustments to Mozie's Offense Level computation which were victim-related or for obstruction of justice; and b) any sentence above the mandatory minimum required by statute, which appears to be fifteen years, would be greater than necessary to meet the objectives of the sentencing statute, 18 U.S.C. §3553(a).

       Respectfully submitted,

       / s / Martin A. Feigenbaum
       Florida Bar No. 705144
       P.O. Box 545960
       Surfside, FL 33154
       Telephone: (305) 854-6565
       Facsimile:  (305) 854-6568
       Email: miamivicelaw@aol.com

I HEREBY CERTIFY a true and correct copy of the foregoing was furnished electronically by the CM/ECF system this 20th day of April, 2012 to: Corey Steinberg, AUSA, and Harry Wallace, AUSA, U.S. Attorney's Office, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394; and to all other persons entitled to electronic notice in this cause.

       / s / Martin A. Feigenbaum